**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,            Criminal Case No. 06-20110
                                                Civil Case No. 15-14123
                                                HON. DENISE PAGE HOOD
v.

TIMOTHY ALAN TURNER,

    Defendant-Petitioner.
_____/

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET
ASIDE OR CORRECT SENTENCE [#61];
ORDER DENYING MOTION TO AMEND [#68];
ORDER DISMISSING CIVIL CASE NO. 15-14123;
and
ORDER DENYING CERTIFICATE OF APPEALABILITY**

**I. BACKGROUND**

On March 15, 2007, Defendant Timothy Alan Turner ("Turner") was charged in a First Superseding Indictment with three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d). (Doc # 30) On January 17, 2008, Turner entered a plea of guilty to all five counts, pursuant to a Rule 11 Plea Agreement. (Doc # 43) The Plea Agreement specified that Turner was a Career Offender, and that his sentencing guideline range was 188-235 months. *Id.* at 90. It also provided that Turner waived any right to appeal his conviction or sentence if the

sentence imposed did not exceed the guideline range. *Id.* at 93. The Court sentenced Turner to be imprisoned for a total term of 188 months on Counts 1 through 5, followed by supervised release for a term of three years on Counts 1 through 5, the sentence to run concurrent as to each count. The Court entered a Judgment on June 4, 2008. (Doc # 49) The Court also ordered Turner to pay $8,177.00 in restitution. *Id.*

Although Turner was sentenced within the guideline range and had waived his right to appeal, Turner filed a timely notice of appeal on June 13, 2008. (Doc # 52) On January 8, 2010, the Sixth Circuit issued an Order finding that Turner had waived his right to appeal, and that there were no apparent grounds for challenging his conviction or sentence. (Doc # 59) The Sixth Circuit issued a Mandate on February 1, 2010. (Doc # 60) Turner did not appeal to the Supreme Court. Over five years later, on November 23, 2015, Turner filed *pro se* the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (Doc # 61, mailed on November 16, 2015) A Response and Reply were filed. (Doc # 67; Doc # 68). Turner then filed *pro se* a Motion to Amend and its Supporting Documentation Pursuant to Local Rule 15.1 on March 3, 2016. (Doc # 68) On April 1, 2016, the Government filed a Response. (Doc # 69)

## II. ANALYSIS

### A. Standard of Review

Section 2255 authorizes a federal prisoner to move the district court to vacate, set aside or correct a sentence. 28 U.S.C. § 2255(a). Motions brought under Section 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2253(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). When a federal criminal defendant takes a direct appeal to the Court of Appeals, his judgment of conviction becomes final for Section 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

Section 2255 Motions filed *pro se* are liberally construed. *See Sellers v. Morris*, 840 F.2d 352, 355 (6th Cir. 1988).

### B. Whether Turner's Section 2255 Motion is Time-Barred

The Government argues that Turner's Section 2255 Motion is time-barred. Turner argues that his Motion is not time-barred because he is actually innocent of being a Career Offender. Turner had 90 days after the Sixth Circuit's January 8, 2010 Order denying his direct appeal to file a Section 2255 motion. Turner did not

file such a motion within that time, nor did Turner otherwise proceed with his appeal before the Sixth Circuit. The Court finds that Turner's Section 2255 Motion is time-barred.

Construing Turner's *pro se* Motion liberally, to the extent that Turner claims that the Court should apply equitable tolling to toll the one-year limitations period established AEDPA, the Court declines to do so. Equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline arose from circumstances beyond the litigant's control. *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). A petitioner is entitled to equitable tolling if he demonstrates that (1) an extraordinary circumstance outside of his control prohibited him from timely filing the motion, and (2) he was diligently pursuing his rights. *Holland v. Florida*, 544 U.S. 631, 649 (2010). Turner provides no explanation for why he waited over five years from the date on which his judgment of conviction became final to file his Section 2255 Motion, and there is no indication that he diligently pursued his rights. Equitable tolling, therefore, does not apply here.

To the extent that Turner relies on the "actual innocence" exception of the savings clause of Section 2255, the Court finds that it does not apply in this case. As the Sixth Circuit has explained,

> [P]ursuant to the "savings clause" in § 2255, a federal prisoner may bring a claim challenging his conviction or imposition of

4

sentence under § 2241, if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because . . . the petitioner is procedurally barred from pursuing relief under § 2255 . . . .

*Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (internal quotations and citations omitted). In this case, Turner is procedurally barred from pursuing relief under Section 2255 because he did not file his Motion within one year from the date on which his judgment of conviction became final, and this does not render the Section 2255 remedy inadequate or ineffective. Further, "the actual innocence exception of the savings clause of § 2255, as it has been interpreted by [the Sixth Circuit], is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor." *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) (internal quotations and citations omitted). Turner does not claim that he is innocent of the crimes charged; rather, he claims that he is innocent of being a Career Offender. However, Career Offender is a sentencing classification, and not a crime or the offense of conviction.

The Court notes that Turner agreed before this Court that he was a Career Offender, and that Turner did not raise a challenge to his designation as Career Offender during the plea colloquy, at sentencing, or on direct appeal. In his appeal, which was barred by an enforceable appellate waiver in the Plea Agreement,

Turner challenged the accurateness of his criminal history regarding whether his prior drug convictions were concurrent or consecutive. (Doc # 59)

In his Motion to Amend, Turner asks the Court to consider *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, the Supreme Court has not ruled that *Johnson* should be applied retroactively at this time.[1] In any event, based on the above analysis, Turner's Section 2255 Motion is time-barred, and the Court cannot consider any such argument.

Based on the above analysis, the Court finds that Turner is not entitled to relief under 28 U.S.C. § 2255.

## III. CERTIFICATE OF APPEALABILITY

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253(c)(2). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court issues a certificate of appealability, the court must state the specific issues that satisfy the showing required by 28 U.S.C. §

---

[1] *See Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (2016).

2253(c)(2).  28 U.S.C. § 2255(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued in this case since the arguments raised by Turner in his Section 2255 Motion are without merit.

**IV. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 06-20110, Doc # 61, filed November 23, 2015]** is **DENIED**.

IT IS FURTHER ORDERED that the Motion to Amend and its Supporting Documentation Pursuant to Local Rule 15.1 **[Criminal Case No. 06-20110, Doc # 68, filed March 3, 2016]** is **MOOT**.

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 15-14123]** is **DISMISSED with prejudice.**  The case is designated as **CLOSED** on the Court's docket.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.


                    S/Denise Page Hood  
                    Denise Page Hood  
                    Chief Judge, United States District Court

Dated:  December 7, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2016, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry  
                    Case Manager